**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)                                       *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SHERENE DOUGLAS,** | : | |
| **509 White Pine Circle** | : | |
| **Lawrenceville, NJ 08648** | : | |
|       **Plaintiff,** | : | **Civil Action No.** |
| | : | |
|       v. | : | **Complaint and Jury Demand** |
| | : | |
| **SS&C TECHNOLOGIES, INC.,** | : | |
| **23 Orchard Road, Suite 206** | : | |
| **Skillman, NJ 08558** | : | |
| | : | |
| **80 Lamberton Road** | : | |
| **Windsor, CT 06095** | : | |
|       **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Sherene Douglas (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against SS&C Technologies, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is a financial technology company with a location at 23 Orchard Road, Suite 206, Skillman, NJ 08558 and with a corporate headquarters

located at 80 Lamberton Road, Windsor, CT 06095.

3. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

4. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff exhausted her administrative remedies under the ADA, Title VII and the NJLAD.

12. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability, race and national origin discrimination and retaliation against Defendant.

13. The Complaint was assigned a Charge Number 524-2020-01517 and was dual filed with the New Jersey Division on Civil Rights.

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated January 4, 2021. Plaintiff received the Notice by mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. Plaintiff's national origin is Jamaica, and her race is African American.

20. In 2009, Dr. Noah Friedman diagnosed Plaintiff with a Panic Disorder.

21. The major life activities affected by panic disorder, include, but are not limited to, thinking, interacting with others, sleeping and working.

22. On March 27, 2017, Defendant hired Plaintiff in the position of Business Analyst.

23. Plaintiff was well qualified for her position and performed well.

24. Since the start of Plaintiff's employment, she noticed that Andrew Hall (Caucasian, American-born), Client Service Manager, treated her differently than her Caucasian, American-born coworkers.

25. Mr. Hall was overly critical of Plaintiff's work product and spoke to her in a demeaning and rude manner.

26. Plaintiff was the only African American female at the location, and the way he treated her compared to how she witnessed him treating others outside of her protected class was the basis of her claim of discrimination.

27. In or around June 2019, Michael Capstack (Caucasian, American-born) began as the Director of Client Services.

28. Mr. Capstack treated Plaintiff in the similar manner as Mr. Hall.

29. On June 26, 2019, Dr. Ayman H. Ramzy placed Plaintiff on Family and Medical Leave Act ("FMLA") leave due to her panic disorder until September 10, 2019.

30. Defendant approved Plaintiff's request for FMLA leave.

31. On September 10, 2019, Plaintiff returned to work at Defendant.

32. Upon Plaintiff's return to work, Mr. Capstack and Mr. Hall began to treat Plaintiff even worse.

33. It is Plaintiff's position that she was treated worse because she was out of work due to her disability.

34. In November 2019, Plaintiff complained to Saha Shayanti, Human Resource Manager, that she felt that Mr. Capstack and Mr. Hall were discriminating against Plaintiff and treating her worse than her coworkers.

35. Sometime after Plaintiff's complaint, Plaintiff met with Ms. Shayanti about her complaint.

36. However, Ms. Shayanti stated to Plaintiff that there were no findings to her complaint.

37. Upon information and belief, Ms. Shayanti did not properly address Plaintiff's complaint.

38. Approximately one (1) week after Plaintiff's complaint, Mr. Capstack and Mr. Hall began to treat Plaintiff even worse than ever before.

39. Shortly afterwards in November 2019, Dr. Ramzy placed Plaintiff on Family Medical Leave Act leave due to her panic disorder until December 2019.

40. In December 2019, Plaintiff returned from her Family and Medical Leave Act leave.

41. On the day that Plaintiff she returned to work, Mr. Capstack issued her a written discipline.

42. Plaintiff believed Mr. Capstack's issuing her of this write up was in retaliation for taking her medical leave of absence.

43. In or around mid-February 2020, Dr. Sarah A. Werbel placed Plaintiff on a medical leave of absence due to her panic disorder and scheduled her to return to work on March 31, 2020.

44. On March 31, 2020, Plaintiff returned from medical leave of absence.

45. Shortly after Plaintiff returned to work, Mr. Capstack stated to Plaintiff that he would not treat me any differently than he had been because Plaintiff did not submit a request for an accommodation based on his treatment of me.

46. Plaintiff felt that Mr. Capstack's comment was discriminatory and inappropriate.

47. In addition, Mr. Capstack stated to Plaintiff that Defendant was not a charity and that she did not just receive a check.

48. Plaintiff felt that Mr. Capstack's comment was discriminatory and inappropriate.

49. On April 13, 2020, Dr. Ramzy placed Plaintiff on Family and Medical Leave Act leave due to her panic disorder and scheduled her to return to work on May 9, 2020.

50. On April 16, 2020, Dr. Ramzy faxed over a doctor's note to Defendant requesting the reasonable accommodation for Plaintiff of a medical leave of absence for one (1) to two (2) weeks every six (6) months due to her panic disorder.

51. With this accommodation, Plaintiff could perform the essential functions of her job.

52. On April 26, 2020, a Human Resource Representative contacted Plaintiff about her definitive return to work date.

53. Plaintiff informed them that May 9, 2020 was her expected ate to return to work.

54. On April 30, 2020, Ms. Shayanti called Plaintiff to participate in a conference call with her on May 1, 2020.

55. On May 1, 2020, Ms. Shayanti and a Human Resource Representative called Plaintiff and informed her to participate in a conference call with her on May 1, 2020.

56. On May 1, 2020, Ms. Shayanti and a Human Resource Representative called Plaintiff, as scheduled.

57. During the call, Plaintiff was terminated.

58. The stated reason for Plaintiff's termination was the Defendant could not accommodate her requested accommodations.

59. Upon information and belief, there was not a legitimate business reason for denying her accommodation request, and Plaintiff could have performed her job functions with the accommodation granted.

60. It is Plaintiff's position that she was discriminated against due to her race and national origin and retaliated against for reporting the aforementioned discrimination in violation of Title VII. Plaintiff also contends that she was discriminated against due to her disability, denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation in violation of the ADA.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

63. Plaintiff was qualified to perform the job.

64. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

65. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

66. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

67. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

68. The purported reason for Defendant's decision is pretextual.

69. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

70. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – DISABILITY DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff is a "qualified individual with a disability" as that term is defined under the NJLAD because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

73. Plaintiff was qualified to perform the job.

74. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

75. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

76. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

77. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

78. The purported reason for Defendant's decision is pretextual.

79. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

80. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. Plaintiff is a member of protected classes in that she is African American.

83. Plaintiff was qualified to perform the job for which she was hired.

84. Plaintiff suffered adverse job actions, including, but not limited to termination.

85. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

86. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

87. Defendant discriminated against Plaintiff on the basis of race.

88. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

89. The reasons cited by Defendant for the above adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RACE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. Plaintiff is a member of protected classes in that she is African American.

92. Plaintiff was qualified to perform the job for which she was hired.

93. Plaintiff suffered adverse job actions, including, but not limited to termination.

94. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

95. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

96. Defendant discriminated against Plaintiff on the basis of race.

97. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

98. The reasons cited by Defendant for the above adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – NATIONAL ORIGIN DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff is a member of protected classes in that her national origin is Jamaica.

101. Plaintiff was qualified to perform the job for which she was hired.

102. Plaintiff suffered adverse job actions, including, but not limited to termination.

103. Similarly situated people outside of Plaintiff's protected class were treated more

favorably than Plaintiff.

104. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

105. Defendant discriminated against Plaintiff on the basis of national origin.

106. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

107. The reasons cited by Defendant for the above adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – NATIONAL ORIGIN DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

108. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

109. Plaintiff is a member of protected classes in that her national origin is Jamaica.

110. Plaintiff was qualified to perform the job for which she was hired.

111. Plaintiff suffered adverse job actions, including, but not limited to termination.

112. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

113. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

114. Defendant discriminated against Plaintiff on the basis of national origin.

115. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

116. The reasons cited by Defendant for the above adverse employment actions that Plaintiff

suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VII – INTERFERENCE
### FAMILY MEDICAL LEAVE ACT OF 1993, AS AMENDED

117. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

118. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

119. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

120. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

121. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

122. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

123. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

124. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

125. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT VIII – RETALIATION
## FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*

126. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

127. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for Family and Medical Leave Act Leave.

128. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for her own serious medical conditions.

129. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

130. Plaintiff was entitled to benefits under the FMLA.

131. Plaintiff attempted to exercise her FMLA rights.

132. Prior to returning the completed FMLA paperwork, Defendant terminated Plaintiff and that termination was related to Plaintiff's attempt to exercise her FMLA rights.

133. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's application of and utilization of FMLA leave.

134. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

135. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and liquidated damages under the FMLA.

**WHEREFORE**, Plaintiff, Sherene Douglas, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Sherene Douglas, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the NJLAD and the FMLA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: April 5, 2021     **By:**     */s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

15